IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHAKA FATTAH, JR. | : | NO. 14-409 |

ORDER

AND NOW, this 23rd day of January, 2015, it is hereby ORDERED that the motion of defendant Chaka Fattah, Jr. to "Quash Counts 14-18 of the Indictment for Improper Vouching, Grand Jury Perjury and Prosecutorial Misconduct" (Doc. # 63) is DENIED.

_____

Defendant Chaka Fattah, Jr. ("Fattah") has been indicted on twenty-three counts of fraud, theft, and tax-related offenses. In his instant motion Fattah seeks the dismissal of Counts Fourteen through Eighteen of the indictment which charge various tax offenses.[1]  According to Fattah, dismissal is warranted because the Government improperly vouched for the credibility of certain grand jury witnesses, introduced perjured testimony to the grand jury, and committed other misconduct.

---

[1] Although it is titled a "Motion to Quash," we treat Fattah's motion as one for dismissal under Rule 12 of the Federal Rules of Criminal Procedure.  The adoption of Rule 12 "abolishe[d] ... motions to quash.  A motion to dismiss or for other appropriate relief is substituted for the purpose of raising all defenses and objections heretofore interposed."  Advisory Committee's Note.

Fattah's motion is largely predicated on his own version of events. This is similar to his previous motion to quash the indictment (Doc. # 34). As we explained in denying that motion (Doc. # 98), it is for the jury to decide at trial which party's story is correct. United States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011).

In addition, Fattah contests the Government's use of hearsay testimony and leading questions before the grand jury, which, he urges, improperly allowed the Government itself to testify through its witnesses. However, hearsay evidence and leading questions are permitted in the grand jury setting. United States v. Ismaili, 828 F.2d 153, 164 (3d Cir. 1987); see United States v. Pantone, 634 F.2d 716, 722 (3d Cir. 1980).

Finally, Fattah claims the Government should have told the grand jury that he made a mistake on his 2011 tax return which resulted in his owing more taxes than he should have. Fattah faces no charges concerning his 2011 taxes. Any information regarding them is irrelevant. The Government committed no misconduct in failing to present this information to the grand jury.

Accordingly, the motion of Fattah is being denied.

BY THE COURT:

/s/ Harvey Bartle III
                                    J.