**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA      :

         **v.**             :        **CRIMINAL NO. 14-409**

CHAKA FATTAH, Jr.         :

**GOVERNMENT'S MEMORANDUM OF LAW**
**ON THE PROPER ROLE OF STANDBY COUNSEL**

     The United States of America, by its undersigned attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, Paul L. Gray, Assistant United States Attorney and Eric L. Gibson, Trial Attorney and Special Assistant United States Attorney, hereby offer the Court this memorandum of law on the proper role of standby counsel during the trial of Chaka Fattah, Jr.   Defendant Fattah has invoked his Sixth Amendment right to self-representation, as described by the Supreme Court in <u>Faretta v. California</u>, 422 U.S. 806 (1975).   This Court has also appointed James J. McHugh from the Public Defender as Fattah's standby counsel.   Because the role of standby counsel is frequently the subject of appeal, the government has prepared this memorandum of law to assist the Court in confining standby counsel to his proper and lawful role.

**<u>INTRODUCTION</u>**

     The Supreme Court held in <u>Faretta</u> that the right to counsel implied a right to proceed *pro se*.   422 U.S. 806 (1975).   Standby counsel may participate in the trial "to steer a defendant through the basic procedures of trial."   <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 184 (1984).   In most cases, the court appoints standby counsel to assist the trial judge in explaining and enforcing "basic rules of courtroom protocol" and to assist the *pro se* defendant in achieving

1

"his own clearly indicated goals."   Id.   The Third Circuit has described the role of standby counsel as that of "a safety net to insure that the litigant receives a fair hearing . . . and to allow the trial proceed without . . . undue delays."   United States v. Bertoli, 994 F.2d 1002, 1018-19 (3d Cir. 1993).   Standby counsel may also have the following additional functions: "(1) standby counsel must be available if and when the accused requests help; and (2) must be ready to step in if the accused wishes to terminate his own representation."   Id. at 1019 (citations omitted).

The Court should require the defendant to state at the outset of trial the anticipated participation by standby counsel to which the defendant has acquiesced.[1]   The Court should be vigilant in insuring that standby counsel not engage in unauthorized and intrusive participation during trial such that he appears to be taking over the role of "counsel."   If this occurs, the Court should hold an on-the-record hearing outside the presence of the jury to determine if the defendant now wishes to waive his Faretta rights and invoke his right to counsel.   If the defendant instead wishes to expand the scope of standby counsel's participation, the Court should determine whether the defendant is seeking to proceed using a form of "hybrid representation" to which there is no right.   See Buhl v. Cooksey, 233 F.3d 783, 806 (3d Cir. 2000);   United States v. Romano, 849 F.2d 812, 816 (3d Cir. 1988);   Hall v. Dorsey, 534 F. Supp. 507, 508 (E.D. Pa. 1982).

**I.     Standby Counsel Must Not Interfere Defendant's Right to Present His Own Defense.**

Problems arise when standby counsel interferes with the *pro se* defendant's control over his own case.   Overzealous and intrusive standby counsel can undermine defendant's Faretta rights, and the dignity and autonomy those rights exist to protect.   McKaskle, 465 U.S. at 176-77.

---

[1]     The government anticipates, for instance, that the defendant will authorize standby counsel to read the questions for defendant's direct examination, and defend during the government's cross examination of the defendant.

2

Generally, the *pro se* defendant is entitled to control the case he chooses to present.   This means that standby counsel must not "substantially interfere with any significant tactical decisions . . . control the questioning of witnesses, or . . . speak *instead* of the defendant on any matter of importance."   McKaskle, 465 U.S. at 178.   Standby counsel's uninvited participation must not be allowed "to destroy the jury's perception that the defendant is representing himself."[2]   Id. at 178. The Court must be vigilant that standby counsel's "excessive involvement" does not "destroy the appearance that the defendant is acting  *pro se*.   This...may erode the dignitary values that the right to self-representation is intended to promote and may undercut the defendant's presentation to the jury of his own most effective defense."   Id. at 182-83.   Unsolicited participation by standby counsel may give rise to reversible error.   Id. at 188 (holding that defendant is entitled "to dance a solo, not a *pas de deux*.").

## II.     If Standby Counsel Appears to Take Over The Defense During Trial, The Defendant May Waive His Right to Proceed *Pro Se,* Even During Trial.

If a defendant appears to acquiesce to standby counsel's excessive involvement, the defendant may be found to have waived his right to proceed *pro se*.   See McKaskle, 465 U.S. at 182 (holding that a defendant may waive his Faretta rights); United States v. Heine, 920 F.2d 552, 555 (8th Cir. 1990).   If a defendant does not make a specific objection during trial, the defendant may not be heard to complain about standby counsel's intrusions on appeal.   McKaskle, 465 U.S. at 183 (stating that once defendant has acquiesced to substantial participation by standby counsel, "complaints concerning counsel's subsequent unsolicited participation lose much of their force.").

---

[2]     A different standard adheres when standby counsel appears outside the presence of the jury.   There, the defendant must be allowed to address the court freely on his own behalf, and any disagreements between standby counsel and the defendant should be resolved in the defendant's favor when the matter is one that would normally be left to the discretion of counsel. McKaskle, 465 U.S. at 179.

The Court can avoid these complaints altogether by holding a <u>Faretta</u> hearing during trial if standby counsel appears to be expanding his participation.

Moreover, the Court may revoke the defendant's right to proceed *pro se* and appoint standby counsel to represent the defendant.   *See* <u>Faretta</u>, 422 U.S. at 834, n.46 (noting that a defendant's right to self-representation is not a license to abuse the dignity of the courtroom); <u>Romano</u>, 849 F.2d at 819 (upholding trial court's decision to revoke defendant's right to appear *pro se*, but reversing conviction because defendant was denied opportunity to have counsel of choice once her *pro se* status was revoked).   This may be appropriate when standby counsel becomes, in effect, co-counsel.   There is no right to this type of "hybrid representation" under the Constitution. <u>Id.</u> at 183 (stating that "a defendant does not have a constitutional right to choreograph special appearances by counsel."); <u>Buhl</u>, 233 F.3d 783.   The Court may also elect to appoint a less intrusive standby counsel.   <u>Romano</u>, 849 F.2d at 816 (holding that a defendant has no right to standby counsel of her own choice).

III.   **The Court Should Give the Jury a Cautionary Instruction When Standby Counsel Makes Objections or Questions Witnesses.**

While there is no categorical bar to participation by standby counsel in front of the jury, the jury must reasonably perceive that the defendant is in control of the case.   <u>McKaskle</u>, 465 U.S. at 180-81.   Although the defendant may authorize standby counsel to make objections or question witnesses,[3] the Supreme Court has recognized that "the right to appear *pro se* can lose much of its importance if only the lawyers in the courtroom know that the right is being exercised." <u>Id.</u> at 179 ("From the jury's perspective, the message conveyed by the defense may depend as

---

[3]        "Participation by counsel with a *pro se* defendant's express approval is, of course, constitutionally unobjectionable." <u>McKaskle</u>, 465 U.S. at 182.

much on the messenger as on the message itself.").   Frequent or substantial unsolicited intrusions by counsel may seriously undermine the defendant's message to the jury.   Id. at 187.

In order to guard against these intrusions, the Court should carefully instruct the jury at the outset that the defendant is appearing *pro se*.   *See* id. at 186 (upholding defendant's conviction when judge had carefully explained that the defendant was appearing *pro se*).   Further, if standby counsel participates in the trial by questioning witnesses or making objections, the Court should instruct the jury that standby counsel has been authorized to do so by the defendant (if, of course, he has) as follows:

> You have just heard from the defendant's standby counsel, James J. McHugh, who is appearing in court to assist the defendant in representing himself.   The defendant has asked Mr. McHugh to participate in this part of the trial.

McKaskle, 465 U.S. at 182.

The instruction the Court uses should be designed to remove from the jury's mind any doubt that the defendant is in control of his case.   Id. at 181-82.

## CONCLUSION

Standby counsel is, first and foremost, designed to assist the defendant and the Court to reduce the potential unfairness, obstacles, and delays attendant to a *pro se* defense.   Bertoli, 994 F.2d at 1019.    However, where the *pro se* defendant appoints standby counsel, there is the danger that standby counsel himself may become an obstacle to the efficient administration of justice and a subject for appeal.   The Court can do three things to avoid these problems and confine standby counsel to his proper role:

(1)   The Court should instruct the defendant to state the anticipated scope of standby counsel's participation in the trial at the outset.

(2)   The Court should be vigilant that standby counsel not exceed the scope of

his authorized participation in trial.   If standby counsel appears to be engaging in unauthorized and intrusive behavior, the Court should immediately hold a <u>Faretta</u> hearing to determine whether the defendant wishes to now invoke his Sixth Amendment right to counsel and waive his right to self-representation. If the defendant wishes to expand the scope of standby counsel's participation, the Court should advise the defendant that has no right to "hybrid representation."

(3)     Whenever standby counsel participates in the trial in the presence of the jury, the Court should remind the jury that he does so solely at the defendant's behest.

The foregoing is a summary of points the Government expects may arise at trial. If any legal issues arise that have not been covered in this memorandum, the Government respectfully requests permission to file a supplemental memorandum of law.

 Respectfully submitted,


ZANE MEMEGER
United States Attorney for the
Eastern District of Pennsylvania

LESLIE CALDWELL
Assistant Attorney General
Criminal Division


<u>s/Paul L. Gray</u>
Paul L. Gray
Assistant United States Attorney
Eastern District of Pennsylvania

<u>s/Eric L. Gibson</u>
Eric L. Gibson
Trial Attorney & Special Assistant U.S. Attorney
Public Integrity Section
Criminal Division


6

## **CERTIFICATE OF SERVICE**

   I certify that a copy of the Government's Memorandum of Law On The Proper Role of Standby Counsel was served upon the below defendant this _____day of February 2015 by electronic filing:

Chaka Fattah, Jr.
5783 Nassau Road
Philadelphia, PA 19131
cfattahjr@gmail.com

      ___/s/ Eric L. Gibson_____
      ERIC L. GIBSON
      Special Assistant United States Attorney